UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Carmelisha Ayers,

   Plaintiff,

v.

Receivables Performance Management, L.L.C.,

   Defendant.

Civil Action No.: 2:15-cv-12082

**DEMAND FOR JURY TRIAL**

## COMPLAINT & JURY DEMAND

For this Complaint, Plaintiff, Carmelisha Ayers, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. Plaintiff, Carmelisha Ayers ("Plaintiff"), is an adult individual residing in Detroit, Michigan, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Receivables Performance Management, L.L.C. ("RPM"), is a Washington business entity with an address of 20816 44th Avenue, West Lynnwood,

Washington 98036, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C. § 153(39).

5.	RPM at all times acted by and through one or more of the collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6.	A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

7.	The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.	The Debt was purchased, assigned or transferred to RPM for collection, or RPM was employed by the Creditor to collect the Debt.

9.	Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. RPM Engages in Harassment and Abusive Tactics

10.	In January 2015, RPM began calling Plaintiff in an attempt to collect the Debt from "Jamie Collins" (the "Debtor"). Plaintiff does not know the Debtor.

11.	The calls from RPM were placed to Plaintiff's cellular phone, number 313-xxx-3844, from telephone number 361-371-4719.

12.	When Plaintiff answered calls from RPM, she heard silence or music followed by an automated click before being transferred to a RPM operator.

13.	The foregoing is indicative of a predictive dialer, an automatic telephone dialing system ("ATDS") under the TCPA.

14. In January 2015, Plaintiff informed RPM that it was calling her cellular telephone and that the Debtor could not be reached at her number. Plaintiff therefore instructed RPM to remove her telephone number from the account and cease all calls to her.

15. Nevertheless, RPM continued to place automated calls to Plaintiff's cellular telephone in an attempt to collect the Debt.

### C. Plaintiff Suffered Actual Damages

16. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

17. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

20. Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

21. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

23. Plaintiff is entitled to damages as a result of Defendant's violations.

### COUNT II
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. At all times mentioned herein, Defendant called Plaintiff on her cellular telephone using an ATDS.

26. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

27. Defendant's telephone system(s) have all the earmarks of a predictive dialer.

28. When Plaintiff answered the phone, she heard silence or music before Defendant's telephone system would connect her to the next available representative.

29. Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

30.     Plaintiff never provided her cellular telephone number to Defendant and never provided her consent to be contacted on her cellular telephone, and in fact instructed Defendant to stop all calls to her.

31.     Plaintiff never provided her cellular telephone number to the Creditor and never gave consent to the Creditor to contact her on her cellular telephone number.

32.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

33.     Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

34.     Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

35.     As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
5. Punitive damages; and
6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 9, 2015

                                                Respectfully submitted,

                                                By: <u>/s/ Sergei Lemberg, Esq.</u>
                                                Attorney for Plaintiff Carmelisha Ayers
                                                LEMBERG LAW, L.L.C.
                                                1100 Summer Street
                                                Stamford, CT 06905
                                                Telephone: (203) 653-2250
                                                Facsimile:   (888) 953-6237
                                                Email: slemberg@lemberglaw.com